original

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name Samilton Kenneth W
(Last) (First) (Initial)

Prisoner Number J-89911

Institutional Address Pelican Bay State Prison P.O. Box 7500 Crescent City, CA 95531-7500

FILED 08 JUN -2 PM 4:07

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Kenneth Wayne Samilton
(Enter the full name of plaintiff in this action.)

vs.

Robert A. Horel Warden (Pelican Bay State Prison - PBSP)

(Enter the full name of respondent(s) or jailor in this action)

CV 08 No. 2755
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**

VRW (PR)

E-filing

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Disciplinary Hearing at Pelican Bay State Prison
P.O. Box 7500 Crescent City, CA 95531
Court Location

(b) Case number, if known IAB Case No.: 0615482/Local Log No. PBSP 07-00780

(c) Date and terms of sentence 120 days of forfeiture of Credits.

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ✓ No ____

Where?

Name of Institution: Pelican Bay State Prison

Address: P.O. Box 7500 Crescent City, CA 95531

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Possession/Manufacture of Alcohol



3

3. Did you have any of the following?

Arraignment: Yes ____ No ✓

Preliminary Hearing: Yes ____ No ✓

Motion to Suppress: Yes ____ No ✓

4. How did you plead?

Guilty ____ Not Guilty ✓ Nolo Contendere ____

Any other plea (specify) ____

5. If you went to trial, what kind of trial did you have?

Jury ____ Judge alone____ Judge alone on a transcript ____

6. Did you testify at your trial? Yes ____ No ____

7. Did you have an attorney at the following proceedings:

(a) Arraignment Yes ____ No ____

(b) Preliminary hearing Yes ____ No ____

(c) Time of plea Yes ____ No ____

(d) Trial Yes ____ No ____

(e) Sentencing Yes ____ No ____

(f) Appeal Yes ____ No ____

(g) Other post-conviction proceeding Yes ____ No ____

8. Did you appeal your conviction? Yes ____ No ____

(a) If you did, to what court(s) did you appeal?

Court of Appeal Yes ✓ No ____

Year: 2008 Result: Denied

Supreme Court of California Yes ✓ No ____

Year: 2008 Result: Denied

Any other court Yes ✓ No ____

Year: 2007 Result: Denied

Superior Court

(b) If you appealed, were the grounds the same as those that you are raising in this

petition? Yes ✓ No____

(c) Was there an opinion? Yes ✓ No____

(d) Did you seek permission to file a late appeal under Rule 31(a)?

Yes ____ No ✓

If you did, give the name of the court and the result:

______________________________________________

______________________________________________

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal? Yes ____ No ✓

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: ______________________________

Type of Proceeding: ______________________________

Grounds raised (Be brief but specific):

a.______________________________________

b.______________________________________

c.______________________________________

d.______________________________________

Result: ______________________ Date of Result:__________

II. Name of Court: ______________________________

Type of Proceeding: ______________________________

Grounds raised (Be brief but specific):

a.______________________________

b.______________________________

c.______________________________

d.______________________________

Result: ______________________Date of Result:__________

III. Name of Court: ______________________________

Type of Proceeding: ______________________________

Grounds raised (Be brief but specific):

a.______________________________

b.______________________________

c.______________________________

d.______________________________

Result: ______________________Date of Result:__________

IV. Name of Court: ______________________________

Type of Proceeding: ______________________________

Grounds raised (Be brief but specific):

a.______________________________

b.______________________________

c.______________________________

d.______________________________

Result: ______________________Date of Result:__________

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____ No_____

Name and location of court: ______________________________

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: Petitioner was denied due Process by being found guilty without any evidence of guilt.

Supporting Facts: On march 1, 2007, during a search of the cell I was assigned to with inmate Reddick, The OFFICER found Fruit Alcohol In a plastic Bag Rolled up inside The ~~Claim Two:~~ Mattress on the Top Bunk which was Reddick's Bunk and Mattress. I was ~~Supporting Facts:~~ Not present during the search because I was at my assigned Job in #3 dinning. Inmate Reddick claimed sole Responsibility for the Alcohol That was found ~~Claim Three:~~ on Reddick's bunk. At the 115 Hearing on 3/10/07, I told The senior Hearing ~~Supporting Facts:~~ Officer that I did not possess any alcohol. I did not Know anything about any alcohol since I was at work when the search occurred. - continue on attached pages -

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

I am a practicing muslim and my religion does not permit me to drink alcohol. Since the C.D.C. forces inmates to live in a cell with another person, I cannot and should not be responsible for the actions of inmate Reddick.

The alcohol was not found in my living area nor in my property.

Since there is no evidence to show that I was in possession of any alcohol, I was denied due process by being found guity.

Supporting case attached

Attached Supporting Case

Superior Court of The State of California For The County of Del Norte

Case No. 99-111-X

Aryan Meryers
Petitioner
v.
Pelican Bay stat Prison Warden

Ruling Granting Petition And Order Thereof

Petitioner Aryan Meryers was convicted of a disciplinary offense, the possession of alcohol and assessed a 120 days forfeiture of credits.

The facts are straight forward, Mr Meyers and another inmate jointly occupied a cell and a quantity of fermenting fruit know as "pruno" was found in a common area. The Petitioner denied possession and it was stipulated that the cellmate would say, "It was mine".

Further briefing was requested with respects to the evidentiary standard Title 15, CCR. §3320 (1) establishes a "preponderance of evidence" standard for the disciplinary officer, Respondent asserts



9

that the "some evidence" standard setforth in Superintendent v. Hill (1985) 472 U.S. 445 applies to these proceeding and that it is different. We conclude that "some evidence" must mean some evidence in from which a reasonable hearing officer could conclude that there was a preponderance of the evidence to support the charge. We find such evidence lacking here. Nothing links the Petitioner to the alcohol except his joint occupancy of the cell; no evidence of consumption, finger prints, indicia or incriminating statements or behavior. Thus, the question clearly presented is to whether occupancy of the cell, standing alone, equates with guilt.

Respondents assertion that there is "some evidence" is of little help. There is always some evidence, the ultmate issue is whether it is of substance. It is forcefully argued that the claim of owership is of no evidentiary worth. A stronger cellmate may force the weaker to accept responsibility. Here we do not have any evidence about the relative dominance of the two cellmates nor about their relative sentences.

The Respondent is ordered to strike the disciplinary conviction and retore the credits that have been lost.

Dated: October 13, 1999

Philip Schafer
Judge of the Superior Court.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Superintendent V. Hill (1985) 472, U.S. 445, Aryan Meryers V. Pelican Bay State Prison in the Superior Court of the State of CA for the County of Del Norte Case No 99-1A-x Judge Philip Schafer

Do you have an attorney for this petition? Yes____ No ✓

If you do, give the name and address of your attorney:

______________________________

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on 5-10-08 [signature: Kenneth Samuelton]

Date Signature of Petitioner

(Rev. 6/02)



12

# Proof of Service by Mail (C.C.P. sec 1013a #2015.5; 28 U.S.C. Sec 1746)

I, KENNETH Samilton, am a Resident of Pelican Bay State Prison in the county of Del Norte, State of CA. I am over the age of 18 years and a party to the above entitled action.

My address is P.O. Box 7500, Crescent City, CA 95531. On the 10 day of 5, 08, I served the following document: UNITED STATES DISTRICT Court NORTHERN DISTRICT OF CALIFORNIA, PETITION FOR A WRIT OF HABEAS CORPUS.

On the party herein by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully paid, in the United States Mail, in a deposit so provided a Pelican Bay State PRISON, addressed as follows: U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, 450 Golden Gate Avenue, SAN FRANCISCO, CA 94102

I declare under penalty of perjury that the forgoing is true and correct

Dated this: 10 day of 5, 08.

Kenneth Samilton

