IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE SAMILTON, | No  C-08-2755 VRW (PR) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v | |
| ROBERT A HOREL, Warden, | |
| Respondent. | |

I

Petitioner Kenneth Wayne Samilton, a state prisoner serving a 40 year prison term at Pelican Bay State Prison in Del Norte County, California following his robbery and assault convictions, seeks a writ of habeas corpus under 28 USC § 2254 challenging the forfeiture of 120 days of good-time credits following a March 10, 2007 disciplinary hearing at which he was found guilty of possession of alcohol.

Per order filed on July 21, 2008, the court found petitioner's claim that the hearing officer violated his due process rights, when liberally construed, colorable under § 2254 and ordered respondent to show cause why a writ of habeas corpus

should not be granted. Respondent has filed an answer and petitioner has filed a traverse.

II

On March 1, 2007, a Pelican Bay State Prison correctional officer entered a cell shared by petitioner and inmate Reddick. The officer's report stated that he smelled an odor of alcohol and subsequently searched the cell. Doc #3, Ex B at 17. The officer found approximately four gallons of "pruno," a homemade fermented fruit alcohol, in a plastic bag rolled up in Reddick's mattress. Id. Reddick claimed responsibility for the alcohol. Id. Petitioner claims he was not in his cell at the time of the search. Doc #1 at 6.

Petitioner was charged with possession/manufacture of alcohol and was brought in front of a hearing officer on March 10, 2007. At the hearing petitioner pled not guilty, claiming that he "didn't know anything about it." Doc #3, Ex B at 16. The hearing officer found petitioner guilty of "the fermentation or distillation of materials in a manner consistent with the production of alcohol or the physical possession of alcohol in an institution/facility or contract health facility." Id. In finding petitioner guilty, the hearing officer applied the following prison policy for a showing of possession:

> All inmates are assigned areas within their living space for storage of personal property. Any contraband found within the area is considered the responsibility of that inmate. If this area is shared with another inmate, the inmates are jointly responsible <u>with reasonable evidence both inmates were aware of its presence</u>.

2

Id, emphasis in original.

The hearing officer found that petitioner was aware the alcohol was in his cell based on the amount of alcohol found and the odor detected by the reporting officer.  Doc #3, Ex B at 17.  The hearing officer additionally found that Reddick's confession did not carry strong weight because "an inmate may have more to fear from his cell partner and other inmates than any punishment assessed in a disciplinary hearing."  Id.  As punishment, petitioner forfeited 120 days of good-time credits.  Id at 18.

Petitioner filed a petition for writ of habeas corpus in the superior court of Del Norte County.  The superior court denied the petition, finding that the hearing officer's decision was supported by "some evidence" in the record.  Doc #3, Ex C.  The court relied on the portion of the record that showed that four gallons of pruno were found rolled up in Reddick's mattress and that the reporting officer smelled alcohol when he entered the cell shared by Reddick and petitioner.  Id at 2.  On that basis, the superior court found that:  "[t]he hearing officer's findings (1) that the amount of alcohol and its odor made the cell occupant's testimony that [p]etitioner knew nothing of the pruno not credible and (2) that [p]etitioner was partially responsible for the alcohol is supported by some evidence in the record."  Id at 2-3.

Petitioner filed a petition for writ of habeas corpus in both the California court of appeal and the California Supreme Court.  The court of appeal summarily denied the petition on January 3, 2008.  Doc #3, Ex E.  On February 27, 2008, the California Supreme Court likewise summarily denied the petition.  Doc #3, Ex G at 2.  This federal petition for writ of habeas corpus

3

followed.

### III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 USC § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the [p]etitioner is not challenging his underlying state court conviction." White v Lambert, 370 F3d 1002, 1009-10 (9th Cir 2004). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 USC § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v Taylor, 529 US 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable

application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 USC § 2254(d) rests in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision.  <u>Williams</u>, 529 US at 412; <u>Clark v Murphy</u>, 331 F3d 1062, 1069 (9th Cir 2003).

A federal district court reviews the last reasoned state court opinion.  See <u>Ylst v Nunnemaker</u>, 501 US 797, 803 (1991). Where the state court decided an issue on the merits but provided no reasoned decision, the court conducts an independent review of the record to determine whether the state court was objectively unreasonable in its application of controlling federal law.  See <u>Delgado v Lewis</u>, 223 F3d 976, 982 (9th Cir 2000).

While the superior court's reasoning in denying petitioner's petition for writ of habeas corpus was limited, it nonetheless was on the merits.  Federal habeas relief will be granted if only, after an independent review of the record, the court determines that the state court was objectively unreasonable in its application of controlling federal law.  See <u>Himes v Thompson</u>, 336 F3d 848, 853 (9th Cir 2003).

IV

Petitioner seeks federal habeas corpus relief from the hearing officer's March 10, 2007 decision finding him guilty of possession of alcohol and the resultant loss of 120 days of good-time credits.  Petitioner claims the decision violates his due process rights and argues that the decision was not supported by some evidence in the record.  Doc #1 at 6.

Due process requires a certain level of procedural

5

protections before a prison inmate can be deprived of a protected liberty interest in good-time credits. <u>Wolff v McDonnell</u>, 418 US 539 (1974). Those procedural protections include advance written notice to petitioner of the disciplinary charges; an opportunity by petitioner to call witnesses and present documentary evidence in his defense when doing so will not be hazardous to institutional safety or correctional goals; and a written statement by the fact finder of the evidence which he or she relied on and the reasons for the disciplinary action. <u>Wolff</u>, 418 US at 563-67. Part and parcel of the third requirement is that the decision to revoke good-time credits be supported by some evidence in the record so that the decision is not otherwise arbitrary. <u>Superintendent v Hill</u>, 472 US 445, 457 (1985). The "some evidence" standard is a reduced evidentiary standard that requires only a "modicum" of evidence to support the hearing officer's decision to revoke good-time credits. Id. Ascertaining whether the standard is met does not require an independent assessment of the record but only whether there is any evidence to support the conclusion reached by the hearing officer. Id. The Ninth Circuit has held that the evidence that supports the disciplinary action must carry some indicia of reliability. See <u>Cato v Rushen</u>, 824 F2d 703, 704-05 (9th Cir 1987).

Here, the superior court relied on evidence in the record that showed that "four gallons of pruno were rolled up in the mattress on the [p]etitioner's cellmate's bunk" and that "[t]he reporting officer testified the odor of alcohol was evident when he entered the cell" to satisfy the "some evidence" due process requirement of <u>Hill</u>. Doc #3, Ex C at 2. Petitioner contends that

6

1 evidence of the amount of alcohol and its odor is not sufficient
2 under <u>Hill</u> to support a finding that he was in possession of
3 alcohol.

4     The essential elements of a crime of unlawful possession
5 of a controlled substance are actual or constructive possession of
6 the substance and knowledge of its presence and nature as a
7 controlled substance.  <u>People v Rushing</u>, 209 Cal App 3d 618, 621
8 (4th Dist 1989).  Actual or constructive possession is the right to
9 exercise dominion or control over the contraband or the right to
10 exercise such dominion and control over the place where it is
11 found.  Id at 622, citing <u>People v Rice</u>, 59 Cal App 3d 998, 1003
12 (3rd Dist 1976).  A defendant does not avoid conviction if his
13 right to exercise dominion and control over the place where the
14 contraband was located is shared with others.  Id.  In absence of
15 direct evidence, the constructive possession doctrine has been used
16 as circumstantial evidence to satisfy the <u>Hill</u> requirement.  See
17 <u>Hamilton v O'Leary</u> 976 F2d 341, 345 (7th Cir 1992); <u>Mason v.
18 Sargent</u>, 898 F2d 679, 680 (8th Cir 1990).

19     In this case, petitioner shared the cell in which the
20 pruno was found.  While there may be a legitimate dispute as to
21 whether the area between the mattress of petitioner's cellmate's
22 bunk is an area of the cell where petitioner exercises dominion and
23 control, according to prison policy defining possession, if
24 contraband is found in an area "shared with another inmate, the
25 inmates are jointly responsible with reasonable evidence both
26 inmates were aware of its presence."  Doc #3, Ex B at 16.  This
27 policy, along with the odor of alcohol detected by the reporting
28 officer, is sufficient to establish "some evidence" that petitioner

**United States District Court**
For the Northern District of California

7

was in constructive possession of the pruno found in his assigned cell. The superior court, therefore, was not objectively unreasonable in its application of clearly established federal law under Hill.

The second element of unlawful possession of a controlled substance is the knowledge of its presence and nature as a controlled substance. Rushing, 209 Cal App 3d at 621. The record indicates four factual considerations that support or negate the contention that petitioner had knowledge of the presence of alcohol in his cell: the slight odor of alcohol detected by the reporting officer; the amount of pruno found in Reddick's mattress; petitioner's assertion of innocence; and Reddick's immediate confession. Doc #3, Ex B at 17.

Here, the superior court found the hearing officer's determination that petitioner's denial of knowledge of the pruno was not credible was supported by some evidence on the record, specifically by the amount of alcohol found and its resulting odor. Doc #3, Ex C at 2. This court, however, does not weigh the evidence nor assess its credibility in determining whether there was some evidence to satisfy the Hill requirement. Hill, 472 US at 455. Rather, this court must determine if there is some evidence on record that supports the officer's finding. Id at 458.

The record contained a report that "a slight odor of fermented fruit alcohol" could be detected in the cell; this was consistent with the quantity of alcohol found in the cell. Evidence of the odor of alcohol is sufficient to show that the hearing officer's finding that petitioner had knowledge of the presence of the alcohol was supported by "some evidence." The

8

court, therefore, need not consider the three remaining factual considerations that support or negate petitioner's knowledge.  On this record, the superior court's ruling was not an objectively unreasonable application of clearly established federal law as set forth in Hill.

V

For the reasons set forth above, the petition for writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

_____
**VAUGHN R WALKER**
**United States District Chief Judge**

G:\PRO-SE\VRW\HC.08\Samilton-08-2755-Order Denying Petition.wpd